UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANGEL L. TORRES,                          )        CASE NO. 1:19CV2175
                                          )
            Petitioner,                   )        JUDGE DONALD C. NUGENT
                                          )
      v.                                  )        Magistrate Judge George J. Limbert
                                          )
WARDEN ED SHELDON[1],                     )
Richland Correctional Institution,        )        REPORT AND RECOMMENDATION
                                          )        OF MAGISTRATE JUDGE
            Respondent.                   )
                                          )


On August 20, 2019, Petitioner Angel Torres ("Petitioner") executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on September 19, 2019. ECF Dkt. #1. In his habeas corpus petition, Petitioner asserts three grounds of relief. *Id.* Petitioner also filed a motion for stay and abeyance (ECF Dkt. #6) on November 7, 2019 and a motion for leave to expand the record (ECF Dkt. #9) on February 21, 2020.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition (ECF Dkt. #1) in its entirety WITH PREJUDICE and DENY his motions (ECF Dkt. #s 6, 9) as MOOT.

**I.      FACTUAL HISTORY**

The Ohio Ninth District Court of Appeals set forth the facts of this case on direct appeal. ECF Dkt. #10-1[2] at 73. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6thCir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999). As set forth by the Sixth District Court of Appeals, the facts are:

---

[1] Ed Sheldon is now the Warden at the Richland Correctional Institution, where Petitioner is incarcerated. *See* https://www.drc.ohio.gov/rici. Accordingly, Warden Ed Sheldon is the proper Respondent in this case and the docket should reflect this.

[2] Citations to the State Court Record, ECF Dkt. #10-1, will refer to the .PDF page numbers rather than to specific exhibits or PAGEID numbers.

1

{¶2} On June 21, 2016, Trooper Baker of the Ohio State Highway Patrol stopped Torres for having excessively dark window tint. During the stop, Trooper Baker conducted an exterior sniff of Torres' vehicle using his canine partner. The canine alerted to the passenger-side door. During a search of the vehicle, troopers discovered 110 grams of cocaine inside the vehicle.

{¶3} The Medina County Grand Jury subsequently indicted Torres on one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(f), a felony of the first degree. The indictment included a major drug offender specification pursuant to R.C. 2941.1410 and a forfeiture specification pursuant to R.C. 2981.04. Torres pleaded not guilty and the matter proceeded through the pretrial process.

{¶4} Torres ultimately field a motion to suppress the evidence seized and any statements made by Torres as a result of the traffic stop. Following a hearing, the trial court denied the motion. Torres changed his plea to no contest to the sole charge in the indictment and the related specifications. The trial court then found Torres guilty of the charge and specifications and sentenced him according to law.

ECF Dkt. #10-1 at 77-78. Petitioner has not contested these factual findings. ECF Dkt. #14 at 2.

## II. PROCEDURAL HISTORY

### A. State Trial Court

On June 29, 2016, a Medina County Grand Jury indicted Petitioner with one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(f). ECF Dkt. #10-1 at 4-5. The single count carried a major drug offender specification and a forfeiture specification. *Id.* Petitioner, through counsel (R. Campbell), entered a plea of not guilty. *Id.* at 6.

On September 1, 2016, Petitioner, through counsel (R. Campbell), filed a motion to suppress evidence seized by the police and statements made by Petitioner. ECF Dkt. #10-1 at 7-9. The trial court denied the motion to suppress, issuing both findings of fact and conclusions of law to support its holding. *Id.* at 10-15. Petitioner filed a motion, through counsel (A. Downing), for the trial court to reconsider its decision denying the motion to suppress. *Id.* at 16-25. The trial court denied the motion to reconsider. *Id.* at 33.

On May 8, 2017, Petitioner, through counsel (A. Downing), withdrew his original plea of not guilty and entered a plea of no contest to the charge and specifications contained in the indictment. ECF Dkt. #10-1 at 34-37. The trial court sentenced Petitioner to serve a sentence of eleven (11) years in prison. *Id.* at 36-37.

2

**B.**     **Direct Appeal**

On May 26, 2017, Petitioner, through appellate counsel (A. Jones), appealed to the Court of Appeals, Ninth Appellate District. ECF Dkt. #10-1 at 38-50. In his appellate brief filed on September 5, 2017, Petitioner raised the following assignment of error:

    1.    The trial court erred in denying Defendant's Motion to Suppress because the trooper unconstitutionally and impermissibly extended the traffic stop of the Defendant-Appellant.

ECF Dkt. #10-1 at 40-50. The State filed a brief in opposition. *Id.* at 60-76. On March 30, 2018, the court of appeals overruled the assignment of error on the merits and affirmed the judgment of the trial court. *Id.* at 77-83.

On June 12, 2018, Petitioner, pro se, executed a motion to the Ohio Supreme Court for leave to file a delayed appeal of the court of appeal's March 30, 2018 decision, which was filed on June 21, 2018. ECF Dkt. #10-1 at 93-97. The Court granted the motion for a delayed appeal. *Id.* at 110.

In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of law:

    1.    The trial court erred in denying defendant['s] motion to suppress thereby violating his right to be secure from an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution and Article I section 14 of the Ohio Constitution, where the scope of defendant['s] extended detention was unreasonable and constitutionally impermissable[sic] because there was no reasonable articulable suspicion of any additional crime.

ECF Dkt. #10-1 at 111-19. The State filed a memorandum in opposition of jurisdiction. *Id.* at 128-38. On November 7, 2018, the Supreme Court of Ohio declined to accept jurisdiction. *Id.* at 139.

**C.**     **Application for Reopening Appeal Pursuant to Ohio App. R. 26(B)**

On June 12, 2018, Petitioner executed an application for reopening pursuant to Ohio App. R. 26(B), which was filed on June 18, 2018. ECF Dkt. #10-1 at 140-50. As grounds for reopening the appeal, Petitioner raised the following assignments of error:

    1.    Appellate counsel *Ashley Jones* was ineffective pursuant to *Strickland v. Washington (1984)*, 466 U.S. 668, 687 for failing to raise the issue that trial counsel was ineffective for failing to call for an Independent weighing or reweighing of Drugs when Mr. Torres was facing Major Drug Offender Charges which increased his sentence by 11-years and violated his rights under Article I, Sections 2, 10 and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2.    Appellate counsel *Ashley Jones* was ineffective pursuant to *Strickland v. Washington (1984)*, 466 U.S. 668, 687 for failing to raise the issue that trial counsel was ineffective for failing to follow through on a motion filed by said trial counsel—causing Mr. Torres to lose his suppression hearing clearly violating his rights under Article I, Sections 2, 10 and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments to the Untied States Constitution.

3.    Appellate counsel *Ashley Jones* was ineffective pursuant to *Strickland v. Washington (1984)*, 466 U.S. 668, 687 for failing to raise the issue that trial counsel was ineffective for failing to object to the prosecutor presenting cherry picked footage–and use it out of context–playing only eight minutes of the dash-cam video/traffic stop when it lasted well over an hour clearly violating Mr. Torres' rights under Article I, Sections 2, 10 and 16 of the Ohio Constitution and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Untied States Constitution.

4.    Appellate counsel *Ashley Jones* was ineffective pursuant to *Strickland v. Washington (1984)*, 466 U.S. 668, 687 for failing to include the issues Mr. Torres requested to be presented to the appellate court and also failed to inform Mr. Torres that his appeal had been decided causing his appeal to the Supreme Court of Ohio to be filed late clearly violating his rights under Article I, Sections 2, 10 and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments to the Untied States Constitution .

*Id.* On September 4, 2018, the court of appeals denied Petitioner's application for reopening on the merits pursuant to Ohio law. *Id.* at 156-60. Petitioner did not appeal the September 4, 2018 decision to the Supreme Court of Ohio.

### D.    Motion to Withdraw No Contest Plea

On September 27, 2019, Petitioner, pro se, filed a motion to withdraw no contest plea pursuant to Crim. R. 32.1. ECF Dkt. #13-2. Petitioner asserted the following arguments:

1.    Counsel Campbell failed to object to Trooper Baker's testimony as to what Sgt. Laughlin was doing during the traffic stop.

2.    Counsel [Campbell and Downing] failed to advise him about actual and constructive possession of the contraband.

3.    Counsel [Campbell] failed to request an independent weighing and/or reweighing of the contraband at issue [pursuant to *State v. Gonzalez*, 150 Ohio St. 3d 261, 2016-Ohio-8319].

*Id.*

On October 25, 2019, the trial court denied the motion to withdraw based on res judicata because Petitioner could have raised such issues at trial and direct appeal. ECF Dkt. #10-1 at 162-63.

4

On November 15, 2019, Petitioner, pro se, filed an appeal of the October 25, 2019 judgment to the court of appeals.  ECF Dkt. #10-1 at 164-67. In his brief, Petitioner asserted the following assignments of error:

1. The trial court improperly applied the doctrine of res judicata to bar Appellant from raising his ineffective claims raised in his motion to withdraw his no-contest plea. (T.d. 5)

   Issue Presented for Review: Did the trial court err in applying the doctrine of res judicata to bar appellant?

2. Trial Counsel Campbell's performance was deficient because counsel failed to object to Trooper Baker's testimony as to what Sgt. Laughlin was doing during the traffic stop, in violation of Appellant's Sixth Amendment right to effective assistance of trial counsel and in violation of the Confrontation Clause under the Sixth Amendment to the U.S. Constitution. (See Supp. Hearing Tr.p. 22, 41)

   Issue Presented for Review: Whether trial counsel Campbell's performance was deficient because he failed to object to Trooper Baker's testimony as to what Sgt. Laughlin was doing during the traffic stop?

3. Trial Counsel Campbell and Downing were both deficient in violation of Appellant's Sixth Amendment right to effective counsel under the U.S. Constitution, because neither counsel advised Appellant about the State's burden of proof to "actual" and "constructive" possession of the contraband. (T.d. 5)

   Issue Presented for Review: Whether Campbell and Downing's performance were [sic] deficient because they both failed to advise Appellant about "actual" and "constructive" possession of the contraband?

4. Trial Counsel Campbell's performance was deficient because he failed to request an independent weighing or re-weighing of the contraband at issue in violation of the Sixth Amendment right to effective counsel under the U.S. Const.

   Issue Presented for Review: Whether trial counsel Campbell's performance was deficient because  he failed to request and [sic] independent weighing or re-weighing of the contraband?

ECF Dkt. #10-1 at 164-67. The State filed a response in opposition on February 3, 2020, objecting on both procedural and meritorious grounds. ECF Dkt. #10-1 at 196-215. As of the date of this Report and Recommendation, the court of appeals has not ruled on the motion.

## III.  FEDERAL HABEAS CORPUS PETITION UNDER 28 U.S.C. § 2254

On August 20, 2019, Petitioner, pro se, executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, which was filed on September 19, 2019. ECF Dkt. #1. In his instant petition, Petitioner presents the following grounds for relief:

1. The trial court erred in denying Petitioner's motion to suppress violating his right to be secure from an unreasonable search [and] seizure in violation of 4th [and] 14 Amendment. U.S. Const. [and] Ohio Const.

   Supporting Facts: The scope of Petitioner's extended detention was unreasonable and constitutionally impermissable [sic] because there was no reasonable articulable suspicion of any additional crime.

2. Appellate counsel was ineffective for failing to assert that trial counsel was ineffective for failing to assert that trial counsel was ineffective for failing to request an independent weighing or reweweighing of the drugs at issue.

3. Appellate counsel was ineffective in violation of his 6th Amendment right under the U.S. Constitution.

   Supporting Facts: Appellate counsel was ineffective for failing to assert that trial counsel was ineffective for failing to object to the prosecutor playing only 8 minutes of the dash-cam video during the suppression hearing when the traffic stop lasted well over an hour.

*Id.* Petitioner requested his immediate release or reversal of the state court's denial of his motion to suppress. *Id.*

On September 25, 2019, this case was referred to the undersigned. ECF Dkt. #3. On November 7, 2019, Petitioner filed a motion to stay so that he could exhaust the issues he raised in his motion to withdraw no contest plea and later amend his habeas petition. ECF Dkt. #6. Respondent Warden of the Warren Correctional Institution ("Respondent") did not respond to this motion.

On February 21, 2020, Petitioner filed a motion for leave to expand the record to include the dash-cam video of his traffic stop and a photograph. ECF Dkt. #9. Respondent opposed the motion to expand the record (ECF Dkt. #9), asserting that the search issue is not cognizable in federal habeas corpus. ECF Dkt. #11. Petitioner filed a reply. ECF Dkt. #12.

On February 26, 2020, Respondent filed a return of writ, asserting that his claims are not cognizable, meritless, and procedurally defaulted. ECF Dkt. #10. Respondent requested that the Court deny Petitioner's federal habeas corpus petition. *Id.* at 16, 30. Petitioner filed a traverse. ECF Dkt. #14.

## IV.   APPLICABLE LAW

### A.   Procedural Barriers to Review

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. Justice O'Connor noted in *Daniels v. United States*: "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001) (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)).

### 1.    Statute of Limitations

The AEDPA statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

### 2.    Exhaustion of State Remedies

Subject to the statute of limitations, federal habeas corpus relief is only available to persons that are in custody in violation of the United States Constitution, laws or treaties. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107 (1982); *Smith v. Phillips*, 455 U.S. 209, 221 (1983). As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007). Exhaustion is required before a state prisoner may bring a habeas corpus petition under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *See Collins v. Million*, 121 Fed.Appx. 628, 630-31 (6th Cir. 2005). The petitioner bears the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Also, the court of appeals may raise and consider the issue of exhaustion *sua sponte*. *Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004) (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)). Exhaustion does not require a state court adjudication on the merits of the claim at issue. *Clinkscale*, 375 F.3d at 438 (citing *Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990)).

The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts," which means "the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006) (citing *Lott v. Coyle*, 261

7

F.3d 594, 608 (6th Cir. 2001)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). A petitioner will not be allowed to present claims never before presented in the state courts, unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (citing *Engle v. Isaac*, 456 U.S. 107 (1982) and *Murray v. Carrier*, 477 U.S. 478 (1986)).

In addition to full presentation, a claim must also be fairly presented to the state courts as a federal constitutional issue rather than merely as a state law issue. *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). To exhaust a claim, a petitioner must present it to the state courts under the same theory that it is later presented in federal court. *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). For a claim to be "fairly presented," the petitioner must assert both a factual and legal basis for his claim in state court. *Fulcher v. Motley*, 444 F3d 791, 798 (6th Cir. 2006). A petitioner "fairly" presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (internal citation omitted); *McMeans*, 228 F.3d at 681 (citing *Franklin*, 811 F.2d at 326). Although general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated, a petitioner is not required to recite "book and verse on the federal constitution." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984)).

8

Originally, the Supreme Court interpreted 28 U.S.C. § 2254 as providing that if a petitioner did not fulfill the total exhaustion requirement, a district court *must* dismiss the habeas petition, even if it contained both unexhausted and exhausted claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 852 (1999) (emphasis added) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)); *cf.* 28 U.S.C. § 2254(b)(2) (stating that "a[n] application for a writ of habeas corpus *may* be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") (emphasis added). However, the Supreme Court became concerned about petitioners losing their opportunity for federal review when the AEDPA, which was enacted in 1996, included a one-year statute of limitations. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). Citing *Rhines*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a mixed petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) (citing *Rockwell v. Yukins*, 217 F.3d 421, 425 (6th Cir. 2000)).

The AEDPA, as amended, provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C.A. § 2254(b)(2). Even assuming a state court remedy is available, the District Court may nevertheless consider a petitioner's unexhausted claim if the claim lacks merit and returning to state court "would amount to a mere futility." *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001); *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

### 3. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on

independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed)). Absent either cause and prejudice or a finding of actual innocence, a federal court is not required to reach the merits of claims that have been procedurally defaulted in state court by a state prisoner or in federal court by a federal prisoner in a defendant's direct criminal appeal. *See Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006); *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005). Also, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). On the other hand, the Supreme Court has held that federal courts are not always required to address a procedural default issue before deciding against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be. Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."). The Sixth Circuit has endorsed this view in *Hudson v. Jones* and proceeded to the merits in a habeas corpus proceeding when the question of procedural default presented a complicated question of state law and was unnecessary to the disposition of the case. *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *accord Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008), *as amended* (July 7, 2008).

In determining whether a state court has addressed the merits of a petitioner's claim, federal courts will apply a presumption that there is no independent and adequate state grounds for a state court decision when the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)); *see also Harris v. Reed*, 489 U.S. 255,

262-63 (1989) (holding that the "plain statement" rule of *Michigan v. Long* applies to federal habeas review). However, the presumption:

> does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

*Coleman*, 501 U.S. at 735 n.1; *see Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006)) ("[A] claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.").

Prior to the Supreme Court's ruling in *Coleman*, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

> (1)    whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2)    whether the state courts actually enforced the state procedural sanction;
>
> (3)    whether the state procedural bar is an "adequate and independent" state ground in which the state can foreclose federal review; and
>
> (4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418-20 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005), *vacated on other grounds in Bradshaw v. Richey*, 546 U.S. 74 (2005), *remanded to Richey v. Bradshaw*, 498 F.3d 344 (6th Cir. 2007); *Franklin*, 434 F.3d at 420.

Under the second prong, the last-explained state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's

federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 735 (1991); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises) (superseded by statute as stated in *Parker v. Matthews*, 567 U.S. 37 (2012) on different grounds); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply). Although the Sixth Circuit has required express reliance on a procedural bar in the past, *see Baze*, 371 F.3d at 320, it has also assumed such reliance when the decision "fairly appears to rest on state law." *Smith v. Warden, Toledo Corr. Inst.*, No. 17-3220, 2019 WL 2518311, at *11 (6th Cir. June 18, 2019) (citing *Coleman*, 501 U.S. at 740).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Wilson v. Mitchell*, 498 F.3d 491, 499 (6th Cir. 2007); *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus, unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Geneva v. Lazaroff*, 77 Fed.Appx. 845, 850 (6th Cir. 2003); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) (Demonstrating "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986); *Geneva*, 77 Fed.Appx. at 850. A petitioner can also show that a fundamental miscarriage of justice will occur if the Court does not

address his procedurally defaulted ground for relief. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750. The Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Schlup*, 513 U.S. at 321. Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). In addition, the Sixth Circuit recognized Ohio's rule that claims must be raised on direct appeal, if possible, or else res judicata bars their litigation in subsequent proceedings. *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 751 (6th Cir. 2013) (citing *State v. Perry*, 226 N.E.2d 104, 108 (1967)). The above standards apply to the Court's review of Petitioner's claims.

### B.    Standard of Review

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case for the reasons previously discussed and because Petitioner filed his petition well after the Act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see* ECF Dkt. #1-2. As previously stated, under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides a deferential standard of review as follows:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. §2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001); *Earhart v. Konteh*, 589 F.3d 337, 343 (6th Cir. 2009).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.    Decisions of lower federal courts may not be considered.

B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.    The state court decision may be overturned only if:

1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

14

3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted); *see Casnave v. Lavigne*, 169 Fed.Appx. 435, 438-39 (6th Cir. 2006).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic, primary, or historical facts, and not to mixed questions of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 107-12 (1995). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Id.*; *see McMullan v. Booker*, 761 F.3d 662, 671 (6th Cir. 2014) (citing *Thompson*, 516 U.S. at 111). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central*

15

*States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V.    ANALYSIS

The undersigned recommends that the Court dismiss Petitioner's habeas corpus petition. ECF Dkt. #1. The undersigned recommends that the Court make the following findings: Petitioner's ground one, concerning a Fourth Amendment issue, is not cognizable; and Petitioner's two remaining grounds of relief are procedurally defaulted. The undersigned also recommends denial of Petitioner's pending motions. ECF Dkt. #6 (motion for stay and abeyance); ECF Dkt #9 (motion for leave to expand the record).

### A.    Fourth Amendment Claim Not Cognizable

Petitioner's first ground for relief is as follows:

1.    The trial court erred in denying Petitioner's motion to suppress violating his right to be secure from an unreasonable search [and] seizure in violation of 4th [and] 14 Amendment. U.S. Const. [and] Ohio Const.
      Supporting Facts: The scope of Petitioner's extended detention was unreasonable and constitutionally impermissable [sic] because there was no reasonable articulable suspicion of any additional crime.

ECF Dkt. #1 at 5. Petitioner raised this issue on direct appeal and up to the Supreme Court of Ohio; it is therefore fully exhausted. ECF Dkt. #10-1 at 40-49, 111-19. However, his claim is not cognizable.

In *Stone v. Powell*, the United States Supreme Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state petitioner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 481 (1976). Thus, federal habeas corpus review of alleged Fourth Amendment claims is extremely limited. *Pierce v. Bunting*, No. 1:12CV2561, 2014 WL 5517256, at *7 (Oct. 31, 2014), citing *Loza v. Mitchell*, 705 F.Supp.2d 773, 859–60 (S.D.Ohio 2010) (quotations omitted). While Petitioner cited to many cases in his traverse attacking the "nervousness" factor to support reasonable

16

articulable suspicion, the cases he cited were all federal criminal cases. ECF Dkt. #14 at 16-17. However, the standards applicable here are for habeas corpus proceedings in a case that originated in state court.

The Sixth Circuit Court of Appeals stated that in determining whether a Fourth Amendment claim can proceed in a federal habeas corpus action, the Court must perform two distinct inquiries. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The Court must first "determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id*. at 526 (internal citations omitted).

The Sixth Circuit in *Riley* held that "the mechanism provided by the State of Ohio for the resolution of fourth amendment claims, is, in the abstract, clearly adequate." 674 F.2d at 526. The Sixth Circuit outlined the mechanisms, first citing to Rule 12 of the Ohio Rules of Criminal Procedure which provides an opportunity to raise Fourth Amendment claims through a motion to suppress. *Id*. (citing Ohio R. Crim. P. 12). The Court also cited to a defendant's ability to directly appeal a court's denial of a motion to suppress. *Riley*, 674 F.2d at 526 (citing Ohio R. App. P. 3(A) and Ohio R.App.P. 5(A)). The Sixth Circuit found that these rules "provide an adequate procedural mechanism for the litigation of fourth amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision." *Riley*, 674 F.2d at 526.  Similar to *Riley*, Petitioner in the instant case, through counsel, filed a motion to suppress.

Thus, the inquiry turns on the second *Riley* question: whether presentation of the claim was in fact frustrated because of a failure of that mechanism. 674 F.2d at 526. Petitioner does not argue nor show that his challenge to the motion to suppress decision was somehow frustrated. In fact, he presented his claim to the court of appeals, which fully considered his appeal and issued a decision after considering the merits of his claim under Ohio law. *See* ECF Dkt. #10-1 at 82-77. He then appealed to the Supreme Court of Ohio, which declined jurisdiction.

17

Based upon the adequacy of the procedural mechanisms provided under Ohio law and Petitioner's ability to use those mechanisms without frustration, prevention or deprivation, the undersigned recommends that the Court find that Petitioner's first ground for relief is not cognizable before this Court.

With that, Petitioner's motion for leave to expand the record (ECF Dkt. #9) should also be denied. The dash-cam video and photograph that are relevant to his motion to suppress are not relevant to resolving his habeas corpus petition, particularly ground one concerning the Fourth Amendment issue.

### B.       Ineffective Assistance of Appellate Counsel Claims

Petitioner's grounds two and three of his instant habeas corpus petition both concern the ineffective assistance of appellate counsel. His claims are:

2.      Appellate counsel was ineffective for failing to assert that trial counsel was ineffective for failing to assert that trial counsel was ineffective for failing to request an independent weighing or reweweighing of the drugs at issue.

3.      Appellate counsel was ineffective in violation of his 6th Amendment right under the U.S. Constitution.

Supporting Facts: Appellate counsel was ineffective for failing to assert that trial counsel was ineffective for failing to object to the prosecutor playing only 8 minutes of the dash-cam video during the suppression hearing when the traffic stop lasted well over an hour.

ECF Dkt. #1 at 7-8. For the following reasons, the undersigned recommends that the Court finds both grounds two and three are procedurally defaulted.

A petitioner commits a procedural default "by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999))) (internal quotation marks omitted). In order to avoid a procedural default of a ground for relief, a federal habeas petitioner "must have exhausted his or her remedies in state court." *Id.* A federal claim is considered exhausted once it has been "fairly presented" at the first possible opportunity within "one complete round of the

State's established appellate review process." *Id.* at 564. An unexhausted claim is procedurally defaulted if the petitioner fails to exhaust state court remedies and state law no longer allows the petitioner to raise the claim. *Id.*; *see Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (noting one way "a claim is procedurally defaulted [is] where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule."); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (When "a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted."). Petitioner did not raise the instant habeas grounds two and three on direct appeal and he has, therefore, committed a procedural default.

In his 26(B) application to reopen, Petitioner brought both grounds two and three of his instant habeas petition, corresponding to grounds one and three, respectively, of his 26(B) appeal. *See* ECF Dkt. #1; #10-1 at 143, 145. The court of appeals denied his application to reopen, applying Ohio law. ECF Dkt. #10-1 at 156-60. Petitioner did not appeal the denial of his 26(B) application to the Ohio Supreme Court, and he has failed to established cause and prejudice to excuse his default. Petitioner asserts that he did not know he could appeal his 26(B) application and that requiring him to pursue grounds two and three in the Supreme Court of Ohio would require him "to go above and beyond the fair presentation [requirement] that satisfies the exhaustion requirement." ECF Dkt. #14 at 19; #1 at 7, 9, 12. Ignorance of the law and procedural requirements for filing a timely notice of appeal is not a basis for "cause" to excuse procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Since Petitioner has failed to establish "cause" for his procedural default, the Court need not address the issue of prejudice. *Geneva v. Lazaroff*, 77 Fed. Appx. 845, 850 (6th Cir. 2003); *Smith v. Murray*, 477 U.S. 527, 533, 106 S. Ct. 2661, 2666, 91 L. Ed. 2d 434 (1986).

The Court can still consider Petitioner's constitutional arguments if the Court determines that  it is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent..." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The

19

Sixth Circuit Court of Appeals explained that the "actual innocence" exception, or the "fundamental miscarriage of justice" gateway, is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) (internal citations omitted). The Sixth Circuit held that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Here, Petitioner has produced no new evidence to carry this burden. Accordingly, the undersigned recommends that the Court find that Petitioner's grounds two and three of his habeas corpus petition are procedurally defaulted.

### C.      Motion for Stay and Abeyance

Petitioner's motion for stay and abeyance (ECF Dkt. #6) should also be denied. In his motion for stay, Petitioner alleges that his no contest plea was not made knowingly, intelligently, and willingly due to trial counsel's performance. The trial court denied the motion based on res judicata and the court of appeals has yet to issue a decision. *See* ECF Dkt. #10-1 at 162-63.

Previously, district courts were required to dismiss federal habeas corpus petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In light of the AEDPA's establishment of a one-year statute of limitations, coupled with the mixed petition dismissal rule established in *Rose*, the Supreme Court has recognized the ability of district courts to stay federal habeas corpus petitions in order to allow petitioners to pursue remedies for unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Without allowing district courts to stay mixed petitions, petitioners run the risk of forever losing their opportunity for federal review of their unexhausted claims. *Id.*

The Supreme Court also recognized that if employed too frequently, stay and abeyance of mixed federal habeas corpus petitions would undermine the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Rhines*, 544 U.S. at 277. Frequent use of stay and abeyance would also decrease a petitioner's incentive to exhaust all of his state claims before filing his federal petition. *Id.* For these reasons, the Supreme Court

emphasized that stay and abeyance should be available only in limited circumstances. In *Rhines*, the Court gave a three-part analysis to determine when granting a stay is appropriate: (1) The district court must determine that there is good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277–278.

Applying this analysis to the instant case, the undersigned recommends that the Court deny Petitioner's motion to stay his § 2254 proceedings. ECF Dkt. #6. In order to show good cause, a petitioner must show why he failed to use available state remedies timely and appropriately. *See Petkovic v. Clipper*, No. 1:14CV2292, 2015 WL 3948194, at *6 (N.D. Ohio June 26, 2015) (citing *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009)). The *Rhines* standard specifically requires good cause to be shown "for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Here, Petitioner claims that the alleged ineffectiveness of appellate counsel to raise the three issues in his motion to withdraw no contest plea constitutes "good cause." ECF Dkt. #6.

Generally, a "nolo contendere plea stands on equal footing with a guilty plea." *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished) (citing *North Carolina v. Alford*, 400 U.S. 25, 35-36, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir.1982)). By pleading no contest, a criminal defendant "admit[s] every essential element of the offense well pleaded in the indictment." *United States v. Heller*, 579 F.2d 990, 998 (6th Cir. 1978) (citing *Lott v. United States*, 367 U.S. 421, 426, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961). A no contest plea, like a guilty plea, "constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations." *Howard*, 76 Fed. Appx. at 53 (internal citations omitted). A prisoner who has entered a guilty plea and who later attempts to attack the proceeding through a federal habeas corpus petition is ordinarily confined to raising only the issue of whether his guilty plea was knowing and voluntary. *See United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 762, 102 L. Ed. 2d 927 (1989). The U.S. Supreme Court has stated that "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998).

Petitioner attacked the knowing and voluntariness of his no contest plea for the first time in his motion to withdraw no contest plea. ECF Dkt. #13-2 at 6, 8. However, Petitioner did not challenge the voluntariness of his plea in his instant habeas corpus petition, and the Court should defer to the appellate court's original finding that Petitioner waived the right to contest the underlying factual issue for ground two (the amount of the cocaine involved) by pleading no contest. ECF Dkt. #10-1 at 157-58.

Even if Petitioner were to succeed in his motion to withdraw his plea, then he may proceed to trial. If Petitioner's motion is denied, there would be no issue for the Court to resolve, as Petitioner waived the underlying issue. Also, the denial of a motion to withdraw a plea does not engender a constitutional issue for the federal court sitting in habeas corpus review to decide. *See Williams v. Bunting*, No. 1:13CV659, 2015 WL 1505699, at *2 (N.D. Ohio Apr. 1, 2015) ("There is no federal constitutional right to withdraw a guilty plea."); *Jones v. Sheldon*, No. 4:12-CV-01511, 2014 WL 1493137, at *3 (N.D. Ohio Apr. 11, 2014) (noting that "[t]he decision to permit a defendant to withdraw his plea is in the trial court's discretion," and the denial of such motion "is an issue of state law not federal law.").

Moreover, the trial court denied Petitioner's motion to withdraw no contest plea on res judicata grounds. Federal courts sitting in habeas corpus review must defer to the interpretation of state law by state courts. *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005) ("…a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). While his motion is still pending in the state appellate court, Petitioner's claim at the trial court level was denied on state law grounds. As such, it is not potentially meritorious as to warrant a stay and abeyance in this case. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Since Petitioner has not established sufficient grounds under *Rhines v. Weber*, 544 U.S. 269 (2005) to warrant a stay in this matter, the undersigned recommends that the Court DENY Petitioner's request for stay and abeyance (ECF Dkt. #6).

**VI.**     **CONCLUSION AND RECOMMENDATION**

For the above reasons, the undersigned RECOMMENDS that the Court find Petitioner's first ground of relief is not cognizable and his second and third grounds are procedurally defaulted. Therefore, the undersigned RECOMMENDS that the Court DISMISS Petitioner's § 2254 federal habeas corpus petition (ECF Dkt. #1) in its entirety WITH PREJUDICE.

The undersigned also recommends that the Court dismiss Petitioner's motion for leave to expand the record (ECF Dkt. #9) and his motion for stay (ECF Dkt. #6).


DATE: June 8, 2020                              _/s/ George J. Limbert_____
                                                        GEORGE J. LIMBERT
                                                        UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).