IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL L. TORRES, | ) | CASE NO. 1:19-CV-2175 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| WARDEN ED SHELDON[1], | ) | **ORDER ADOPTING** |
| Richland Correctional Institution | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. (ECF #15). Petitioner Angel Torres ("Mr. Torres" or "Petitioner") filed his Objections to the Report and Recommendation on June 25, 2020. (ECF #16). For the reasons set forth below, the Report and Recommendation (ECF #15) is hereby ADOPTED.

**Factual and Procedural Background**

On August 20, 2019, Petitioner, *pro se,* executed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on September 19, 2019. (ECF #1). Mr. Torres asserted three grounds for relief and requested his immediate release or reversal of the state court's denial of his motion to suppress. On November 7, 2019, Petitioner filed a Motion for Stay and Abeyance of Habeas Corpus Petition (ECF #6) so that he could exhaust the issues he raised in his Motion to Withdraw No Contest Plea and later amend his habeas Petition.

On February 21, 2020, Petitioner filed a Motion for Leave to Expand the Record (ECF #9) to include the dash-cam video of his traffic stop and a photograph. Respondent filed an Opposition to the Motion to Expand the Record (ECF #11) and Petitioner filed a Reply. (ECF #12). On

---

[1] Ed Sheldon is now the Warden at the Richland Correctional Institution, where Petitioner is incarcerated. Accordingly, Warden Ed Sheldon is the proper Respondent in this case and the docket should reflect this.

1

February 26, 2020, Respondent filed a Return of Writ (ECF #10), asserting that Petitioner's claims are meritless, not cognizable, and procedurally defaulted. Respondent requested that the Court deny Petitioner's federal habeas petition and Petitioner filed a Traverse. (ECF #14).

On June 8, 2020, Magistrate Judge George J. Limbert issued his Report and Recommendation. (ECF #15). The Magistrate Judge found that Petitioner's first ground for relief is not cognizable and his second and third grounds for relief are procedurally defaulted. Magistrate Judge Limbert recommended that this Court dismiss Petitioner's petition for writ of habeas corpus in its entirety with prejudice and dismiss Petitioner's Motion for Leave to Expand the Record and his Motion for Stay. (*Id.*).

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Discussion

The Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*, considering the Objections of the Petitioner. *See* FED. R. CIV. P. 72(b). The Court finds Magistrate Judge Limbert's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court also finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully and correctly addressed by the Magistrate Judge's Report and Recommendation, and that Petitioner's objections are unwarranted. The court agrees with the

2

Magistrate Judge's recommendation that Petitioner's pending motions be dismissed. The Court, therefore, adopts the Magistrate Judge's Report and Recommendation in its entirety.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in this Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court

3

must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

To the extent that Petitioner's claims were rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

## Conclusion

The Court ADOPTS the Report and Recommendation of the Magistrate Judge (ECF #15) in its entirety. The Petition for Writ of Habeas Corpus (ECF #1) is DISMISSED WITH PREJUDICE. Petitioner's Motion for Leave to Expand the Record (ECF #9) and Motion for Stay (ECF #6) are DISMISSED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: July 15, 2020

4